ALPENA LOAN & BUILDING ASSOCIATION *v.* DENISON.

AUDITING OF ACCOUNTS—LOAN ASSOCIATION OFFICERS—FAILURE
TO DISCOVER SHORTAGE.

A member of a committee of a building and loan association to
which quarterly statements of the secretary were referred,
which were considered at meetings of the committee by
taking the cash book, adding up the various items, and, if the
items tallied with the reports, certifying them to be correct,
is not liable to the association, where there was no item on
the face of the books not accounted for or included in the
reports, and there is no showing that the committee did not
exercise ordinary skill and diligence, although the secretary,
by keeping a set of private books which were never submitted
to the committee, was enabled to embezzle large sums of the
association's funds.

Error to Alpena; Kelley, J.    Submitted June 9, 1899.
Decided September 12, 1899.

Case by the Alpena Loan & Building Association
against William F. Denison for the alleged negligent per-
formance of his duties as auditor of plaintiff corporation.
From a judgment for defendant on verdict directed by the
court, plaintiff brings error.    Affirmed.

The declaration in this cause avers, substantially, that
plaintiff was organized as a building and loan corporation
under the statutes of this State, and had carried on the
business of a building and loan association at Alpena, this
State, for six years and upwards prior to the commence-
ment of suit; that defendant, on or about December, 1889,
became a shareholder and member of the corporation by
duly subscribing to plaintiff's charter and by-laws and
taking shares therein; that, among other things contained
in said by-laws up to March, 1897, was the following:

"At the last stated meeting of the board of directors

held in each quarter they shall appoint three auditors from the members of the association, not officers thereof, whose duty it shall be to audit the accounts of the different officers, assess the value of shares, and report the same to the stockholders at the first stated meeting following."

It avers that defendant, at various times during said time, was duly appointed one of the auditors, and accepted the duties imposed thereby, thus acting as such for the first time from December 10, 1889, to March 10, 1890, during which time the secretary of the plaintiff embezzled $330.42 of the plaintiff's funds, and that, during the whole time above stated that defendant so acted as said auditor, said secretary embezzled $3,100, and afterwards embezzled of the plaintiff $19,570, which said embezzlements plaintiff first discovered in May, 1897; that defendant and his associate auditors fraudulently and negligently failed to report to plaintiff any of said embezzlements or losses, but, on the contrary, reported the value of said plaintiff's shares as if none of such embezzlements or losses had taken place, and deceived plaintiff thereby, and thus induced it to retain said secretary in its employ, and to pay many withdrawals according to said false reports.   Plaintiff alleges that it was the duty of the defendant, while thus acting as one of its auditors, to have thoroughly examined all of plaintiff's books and accounts kept by said secretary, and to have reported their true condition; but that defendant willfully and negligently neglected his said duty, and deceitfully and negligently reported that said secretary's accounts were being kept honestly and fairly, and that none of said funds were embezzled, to plaintiff's damage, etc.   Another count is added, which it is unnecessary to state, as the gist of plaintiff's claim is stated above.

The defendant gave notice under the plea of the general issue that, if any loss was sustained by the plaintiff through the embezzlement of its secretary, the same was settled, compromised, and condoned by the plaintiff through its authorized officers; that, if any loss occurred

through such embezzlement, it was brought about through the carelessness and negligence of the officers and board of directors of the association by their failure to require of its secretary the bonds required by the statute under which the plaintiff was organized; and that, if any withdrawals were paid by plaintiff based upon the value of shares as shown by reports, said losses occurred through the action of the board of directors in violating their statutory duty in paying withdrawing stockholders not in accordance with statutory and by-law contracts existing between withdrawing stockholders and the plaintiff association.

The cause came on for trial before a jury, and at the close of the testimony the court directed a verdict in favor of defendant.   Plaintiff brings error.

*J. D. Turnbull,* for appellant.

*L. G. Dafoe,* for appellee.

LONG, J. (*after stating the facts*).   After a careful reading of the record, we are satisfied that the court very properly directed the verdict in favor of defendant. The association had nine directors.   The by-laws provide that it is the duty of the secretary to receive all moneys paid in, and deposit the same in bank, to the credit of the treasurer, weekly, or as often as the amount reaches $500; that he shall make to the board of directors, at the first meeting in each quarter, a statement of the financial affairs of the association and the business of the preceding quarter, and publish an annual statement in March of each year; that the treasurer shall keep a correct account of moneys received and paid out, and, at the first meeting in each quarter, render to the board a full statement of the business of his office; that stated meetings of the board shall be held on the second Tuesday of each month; that the board of directors may demand for inspection at any time, from any officer, all books, papers, etc.; that the board shall submit to the stockholders, at each annual meeting, a general statement of the business of the

preceding year, and a report of the financial condition. This statement must be sworn to by the president and secretary. Defendant contends that he was never appointed auditor of the association, but that at various times he was appointed on committees with others, to which committees the quarterly statements of the secretary were referred. The evidence conclusively establishes this contention. It appears that, when the committee met, these quarterly reports were examined. The committee took the cash book, containing the receipts and disbursements, and added up the various items, and, if the items tallied with the reports, the committee certified them to be correct. All the reports were audited in the same way. It appeared that in 1896—being after the time charged in the declaration—the plaintiff association discovered that the secretary had kept a separate set of books, called "blotters." These "blotters" were never submitted to the committee. The shortages were covered up and concealed by the secretary, and never came to the attention of the defendant and his associates on the committee. There was no item appearing on the face of the books presented to the committee that was not accounted for or included in the reports. The defendant was bound to exercise only ordinary skill in the examination of such books and papers as were submitted to him. There is no showing that he did not exercise skill and diligence in all that was submitted for his examination. There is no doubt but that the secretary embezzled a large amount of the funds of the association. He did it, apparently, by his peculiar system of bookkeeping; that is, by keeping a private set of books. His books exhibited to the committee were apparently all right, and it was from these that the committee verified the quarterly reports submitted to it.

The judgment must be affirmed.

The other Justices concurred.